UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

REGINA M.,                                      )
                                                )
                 Plaintiff,                     )
                                                )
         v.                                     )   No. 1:17-cv-02254-SEB-MJD
                                                )
NANCY A. BERRYHILL Deputy Commissioner          )
for Operations, Social Security Administration, )
                                                )
                 Defendant.                     )

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This is an action for judicial review of the final decision of Defendant Deputy Commissioner of Social Security ("Commissioner") finding Plaintiff Regina M. ("Regina") not entitled to Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 416(i), 423(d), 1382c(a)(3)(A). The Administrative Law Judge (ALJ) found that Regina failed to qualify for DIB and SSI because she was capable of performing other available work in the national and local economy. This case was referred to Magistrate Judge Mark J. Dinsmore for a report and recommendation. On April 4, 2018, Judge Dinsmore recommended the Commissioner's decision be upheld because it was supported by substantial evidence and was otherwise in accordance with law. This case is now before the Court on Regina's timely objections to Judge Dinsmore's *Report and Recommendation*.

For the reasons explained below, Regina's objections are overruled and the *Report and Recommendation* is adopted.

**<u>Standard of Review</u>**

When a party raises specific objections to elements of a magistrate judge's report and recommendation, the district court reviews those elements *de novo*, determining for itself whether the Commissioner's decision as to those issues is supported by substantial evidence or the result of an error of law. Fed. R. Civ. P. 72(b). The district court "makes the ultimate decision to adopt, reject, or modify" the report and recommendation, and it need not accept any portion as binding; the court may, however, defer to those conclusions of the report and recommendation to which timely objections have not been raised by a party. *See Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 759–761 (7th Cir. 2009).

We review the Commissioner's denial of benefits to determine whether it was supported by substantial evidence or the result of an error of law. *Rice v. Barnhart*, 384 F.3d 363, 368–69 (7th Cir. 2004); *Lopex ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). In our review of the ALJ's decision, we will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner." *Lopez*, 336 F.3d at 539 (quoting *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000)).

However, the ALJ's decision must be based upon consideration of "all the relevant evidence," without ignoring probative factors. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994). In other words, the ALJ "must build an accurate and logical bridge" from the evidence in the record to his or her final conclusion. *Dixon*, 270 F.3d at 1176. We confine the scope of our review to the rationale offered by the ALJ. *See SEC v. Chenery Corp.*, 318 U.S. 80, 93–95 (1943); *Tumminaro v. Astrue*, 671 F.3d 629, 632 (7th Cir. 2011).

## Analysis

Regina raises three objections to the *Report and Recommendation*. First, she contends that Judge Dinsmore wrongly affirmed the ALJ's rejection of the treating psychiatrist's opinions as more restrictive than the ALJ's residual function capacity (RFC) assessment. [Docket No. 22 at 2–6.] Second, she alleges that the report misstated and misunderstood her arguments. [*Id.* at 7–9.] Finally, she contends that Judge Dinsmore recommended affirmance without knowledge of the type of evidence which vocational experts (VEs) review. [*Id.* at 10–12.] We address these arguments in turn and find each of them to be without merit.

I. **The ALJ's rejection of the treating psychiatrist's opinions as more restrictive than the RFC assessment**

Regina objects to the recommendation to affirm the ALJ's rejection of particular medical assessments. The ALJ gave little weight to the May 2015 opinions of Dr. Salama, Regina's treating psychiatrist, and instead relied more heavily on the RFC assessment. [*Id.* at 2.] Specifically, Regina contends that the ALJ erroneously relied on

the stability of her schizophrenia as a reason to reject Dr. Salama's opinions; that the ALJ should have obtained informative testimony from a medical expert; and that the ALJ did not properly evaluate the factors required by 20 C.F.R. § 404.1527(c). [*Id.* at 2–6.]

First, Regina argues that evidence of stable condition is not indicative of her ability to work full time, and that the ALJ erroneously relied on her stability in rejecting Dr. Salama's opinions. [*Id.* at 2.] She also contends that there is no reliable evidence that she would remain in stable condition if exposed to the stress of full-time work. [*Id.* at 3.] Regina emphasizes that "[a claimant] could have been in terrible condition immediately after her stroke and still be characterized as 'stable' by her doctor if her condition had not changed." *Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014).

As Judge Dinsmore pointed out to Regina, she has taken the word "stability" out of context. The evidence showed that Regina's condition was not merely "stable" but had markedly improved after receiving treatment and that this improvement remained stable. After her discharge from the hospital on September 13, 2013, Regina reported that the medication had helped her "a lot." [Docket. No. 14-3 at 2.] Her family reported that she was alert, oriented, and energetic. [*Id.*] She was in good hygiene and no longer having paranoia or delusions. [*Id.*] Her condition remained stable in the months following her hospitalization, thus the doctor decided there was no need to pursue regular commitment. [*Id.*] Though "'stable' or 'improving' does not *necessarily* mean [the plaintiff] is capable of . . . work," *Murphy*, 759 F. 3d at 819 (emphasis added), here, the ALJ determined that the objective medical evidence supported that Regina could make a successful adjustment to other work. [Docket No. 14-2 at 10.]

4

Additionally, "[a]ssessment of functional limitations is a complex and highly individualized process" that includes consideration of how functioning may be affected by structured settings. 20 C.F.R. § 404.1520a(c)(1). Though Regina contends that her condition could destabilize with full-time work, she provided no evidence that she requires an ongoing structured setting to manage her symptoms.

Second, Regina contends that the ALJ was mistaken in his understanding of the medical evidence, and should have obtained expert testimony to inform himself about the significance of the medical findings. [Docket No. 22 at 4.] Specifically, she alleges that the Magistrate Judge misinterpreted the meaning of an "appropriate" affect, thereby ignoring negative symptoms of paranoid schizophrenia. [*Id.* at 4–5.]

Regina relies on *Meuser v. Colvin*, which found that "the ALJ improperly played doctor" by incorrectly interpreting medical evidence. 838 F.3d 905, 911 (7th Cir. 2016). However, in *Meuser*, the doctor found that the plantiff's negative symptoms "remain[ed] prominent" and that he was dysthymic and withdrawn from society. *Id.* at 908. Here, though Dr. Moran reported that Regina's "affect was blunted at times," she did not report *prominent* negative symptoms of schizophrenia or depression. [Docket No. 14-11 at 42.] In fact, the doctor noted that Regina was cooperative and engaged. [Docket No. 14-14 at 22.]

In addition, the ALJ sufficiently supported several reasons for denying the DIB application in this case. Therefore, any alleged error on the interpretation of the meaning of an "appropriate" affect is no more than harmless error. *McKinzey v. Astrue*, 641 F.3d

884, 893 (7th Cir. 2011) ("[W]e will not remand a case to the ALJ for further specification where we are convinced that the ALJ will reach the same result.").

Finally, Regina argues that the ALJ did not properly evaluate Dr. Salama's opinions or take into account her expertise as a specialist, and that Judge Dinsmore incorrectly recommended affirmance based only on an assumption that the ALJ properly evaluated the opinion. [Docket No. 22 at 5–6.] This argument is without merit, as the Magistrate Judge's decision was not based on an "assumption."

The ALJ is not required to give the greatest weight to a specialist's opinion when there are other conflicting factors. *See Schmidt v. Astrue*, 496 F.3d 833, 842 (7th Cir. 2007). Regina relies on *Gerstner v. Berryhill*, in which the court found that a treating physician's opinion was not given proper weight. 879 F.3d 257 (7th Cir. 2018). Regina also argues that the Magistrate Judge assumed that the ALJ properly evaluated Dr. Salama's opinions without proper justification. [Docket No. 22 at 6.] However, no such assumption is necessary because the ALJ provides sufficient reasoning for his decision to give little weight to Dr. Salama's opinions.

Regina correctly asserts that "an ALJ must evaluate important relevant regulatory factors when determining whether to accept or a [sic] reject a treating physician's opinion." [Docket No. 22 at 6 (citing *Gerstner*, 879 F.3d at 263).] "ALJs must decide the weight of a treating physician's non-controlling opinion by considering, to the extent applicable, the treatment relationship's length, nature, and extent; *the opinion's consistency with other evidence*; the explanatory support for the opinion; and any specialty of the treating physician." *Gerstner*, 789 F.3d at 263 (citing 20 C.F.R. §

6

404.1527(c); *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008)) (emphasis added). Here, the ALJ did just that by relying on the totality of the objective medical evidence in discounting the weight given to Dr. Salama's opinions.

The ALJ gave Dr. Salama's opinion little weight because he found that the opinion was "inconsistent with the objective medical evidence of record," and that the "medical evidence demonstrate[d] that the claimant is relatively stable on her medication." [Docket No. 14-2 at 8.] "[The court's] review [of a treating physician's opinion] is deferential: the ALJ's decision must stand as long as she has 'minimally articulated' her reasons for rejecting the treating doctor's opinion." *Henke v. Astrue*, 498 Fed. App'x 636, 639 (7th Cir 2012) (citing *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008)). Here, the ALJ certainly provided the required minimal reasoning for giving Dr. Salama's opinion little weight.

In sum, the ALJ properly determined that Regina could make a successful adjustment to other work and based this argument on the totality of the objective medical evidence. Additionally, the ALJ appropriately evaluated the relevant factors in determining that Dr. Salama's opinion should be given little probative weight.

## II. The Magistrate Judge's conclusions on Regina's arguments

Regina objects that Judge Dinsmore misstated and misunderstood her arguments. [Docket No. 22 at 7.] Specifically, Regina argues that the Magistrate Judge misconstrued her argument that the Global Assessment of Functioning (GAF) ratings of Dr. Moran, an

examining psychiatrist, cannot overcome Dr. Salama's opinions, and that the Magistrate Judge erroneously called her arguments nonsensical. [*Id.* at 7–9.]

First, Regina contends that Judge Dinsmore misstated her argument about GAF ratings, as she did not argue that GAF ratings may not be considered at all, but that the GAF rating system is obsolete and should not overcome Dr. Salama's opinions as her treating psychiatrist. [*Id* at 7–8.] The Magistrate Judge was correct in rejecting this argument.

The ALJ made his decision by evaluating the totality of the objective medical evidence, giving some weight to Dr. Moran's medical analysis. [Docket No. 14-2 at 8.] Though Dr. Moran's opinion included the GAF score, the doctor also evaluated Regina's condition through several other means. *See id.* Dr. Moran did not rely solely or specifically on the GAF score in providing the medical opinions. *Id.* Additionally, as previously discussed, the ALJ provided sufficient reasoning for giving little weight to Dr. Salama's opinions, and the court must be deferential to the ALJ's evaluation of medical opinions. *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008). Therefore, Judge Dinsmore was correct in rejecting Regina's argument about the improper use of GAF scores.

Next, Regina argues both that Dr. Moran's opinion was inaccurate and that the ALJ made factual errors, and likewise, that it was erroneous for the Magistrate Judge to deem these arguments as "nonsensical." [Docket No. 22 at 8.] Again, the ALJ holds discretion to evaluate the various medical evidence and decide which opinions to give more or less weight. *Elder v. Astrue*, 529 F.3d 408, 415 (7th Cir. 2008). The Court gives

deference to the ALJ's evaluation as long as the reasoning is "minimally articulated." *Id.* Here, the ALJ provides sufficient reasoning for giving Dr. Salama's opinion little weight.

Further, Regina is correct that the ALJ made factual errors, specifically regarding the dates of various examinations and the names of doctors. [Docket No. 22 at 9.] However, these errors are harmless and do not meaningfully impact any aspect of this case. When an error is harmless, the court "[should] not remand a case to the ALJ for further specification where we are convinced that the ALJ will reach the same result." *McKinzey v. Astrue*, 641 F.3d 884, 891 (7th Cir. 2011) (citing *Spiva v. Astrue*, 628 F.3d 346, 353 (7th Cir. 2010)).

In sum, Judge Dinsmore did not misunderstand Regina's arguments and correctly rejected them as a basis for reversing the ALJ's decision.

### III. The Magistrate Judge's knowledge of VE review

Finally, Regina argues that Judge Dinsmore recommended affirmance without knowledge of what a VE should review and that the ALJ should have defined "fast-paced production requirement" for the VE. [Docket No. 22 at 10.] These arguments miss the mark.

First, Regina correctly asserts that, per *HALLEX* § I-2-5-48, the Social Security Administration does not provide the VE with the claimant's medical history; the expert should only review files relating to work experience. [Docket No. 22 at 10–11.] Yet, Regina contends, Judge Dinsmore recommended affirmance based on the assumption that the VE *may* have reviewed medical files. Regina points to the following statement in the

9

*Report and Recommendation*: "In *Varga* [*v. Colvin*, 794 F.3d 809 (7th Cir. 2015)], there was no evidence that the VE had reviewed Varga's medical history or heard testimony regarding medical limitations Varga argued were missing from the hypothetical question. In contrast, the VE in this case had reviewed Regina's files and heard her testimony." Docket No. 21 at 14 (internal citations omitted).

This statement is no grounds for reversal. Regina requests remand based solely on the fact that the VE reviewed the proper materials and made a recommendation to the ALJ based on that proper review. The ALJ confirmed that the VE examined all "vocational evidence of record" as required by *HALLEX* § I-2-6-74(B). [Docket No. 22 at 10–11.] Even if Judge Dinsmore mistakenly pointed to the VE's review of Regina's medical files as buttressing the VE's conclusions, this mistake is harmless. Remand would yield the same result because the expert has already reviewed the correct materials.

Next, Regina relies on *Varga* to argue that the ALJ should have defined "fast-paced production requirement" for the VE. [Docket No. 22 at 10–11.] However, there is no indication that the VE did not understand the meaning of the term. And *Varga* did not hold that a definition is always required nor that the term is *per se* vague. 794 F.3d at 813–15. A definition of the term was certainly not required in this case.

The VE received proper instruction and any misstatement of the VE's role in the *Report and Recommendation* is harmless error.

## Conclusion and Order

For the reasons explained above:

Regina's objections to Judge Dinsmore's *Report and Recommendation* [Dkt. 22] are OVERRULED.

The *Report and Recommendation* [Dkt. 21] is ADOPTED.

The ALJ's decision is AFFIRMED and this action is terminated.

Final judgment will issue separately. Fed. R. Civ. P. 58(a).

IT IS SO ORDERED.

Date: 9/28/2018

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

J. Frank Hanley, II
LAW OFFICES OF J. FRANK HANLEY II, INC.
jfrankhanley@jfrankhanley.com

Kathryn E. Olivier
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
kathryn.olivier@usdoj.gov